# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. CR-15-172-D |
| | ) | (Case No. CIV-18-889-D) |
| WESLEY TAVION GRANT, | ) | |
| a/k/a Olajawan Armond Bush, | ) | |
| | ) | |
| Defendant. | ) | |

## **O R D E R**

Before the Court is Defendant Wesley Tavion Grant's *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence [Doc. No. 231], which is supported by a separate brief [Doc. No. 234]. The government has filed a response [Doc. No. 246], accompanied by the affidavit of Defendant's counsel, Paul Antonio Lacy [Doc. No. 246-1], and Defendant has filed a reply [Doc. No. 248]. For reasons that follow, the Court finds that no hearing is needed and the Motion should be denied.[1]

### **Factual and Procedural Background**

On August 18, 2015, a federal grand jury charged Defendant and three others with conspiracy to possess with intent to distribute phencyclidine (PCP) in violation of 21 U.S.C. § 846. Defendant was also charged with one count of distributing PCP and one count of possessing with intent to distribute PCP in violation of 21 U.S.C. § 841(a)(1), or aiding and abetting the commission of these crimes, 18 U.S.C. § 2. The statutory penalty

---

[1] No evidentiary hearing is needed where the existing record conclusively shows the defendant is not entitled to relief. *See United States v. Lopez*, 100 F.3d 113, 121 (10th Cir. 1996); 28 U.S.C. § 2255(b).

for two charges of the Indictment was a mandatory minimum prison sentence of 10 years, and if the offense was committed "after two or more prior convictions for a felony drug offense have become final," the statute in effect at the relevant time required "a mandatory term of life imprisonment without release." *See* 21 U.S.C. § 841(b)(1)(A) (prior to 2018 amendment); *see* First Step Act of 2018, Pub. L. No. 115-391, § 401(a)(2)(A)(i), 132 Stat. 5194, 5220 (2018).

An experienced criminal defense attorney, Assistant Federal Public Defender Paul Antonio Lacy, was appointed to represent Defendant at arraignment. Following a *James*[2] hearing and the resolution of pretrial motions, Defendant and one co-defendant, Larenzo Gabourel, proceeded to trial in January 2016. Another co-defendant, Paul Thomas, reached a plea agreement and testified for the prosecution. A jury found Defendant and Mr. Gabourel guilty of all offenses charged against them in the Indictment. In July 2016, Defendant received a mandatory life sentence based on a criminal history that included two felony drug trafficking offenses and an information filed before trial pursuant to 21 U.S.C. § 851(a). Mr. Gabourel received a 180-month prison sentence. Both defendants appealed, and their convictions and sentences were affirmed in a single opinion. *See United States v. Gabourel*, 629 F. App'x 529 (10th Cir. 2017). The instant § 2255 Motion was timely filed on September 5, 2018, and was fully briefed on May 20, 2019.[3]

---

[2] *United States v. James*, 590 F.2d 575 (5th Cir. 1979).

[3] The filing date of the Motion is determined by the prison mailbox rule, and falls within one year after the judgment became final upon expiration of the time period for seeking review by the Supreme Court. *See* 28 U.S.C. § 2255(f)(1).

**Defendant's Motion**

Defendant asserts three grounds for relief, all of which allege he received ineffective assistance of trial and appellate counsel by Mr. Lacy.[4] Defendant complains that Mr. Lacy failed to: 1) "object to an erroneous jury instruction in light of *Rosemond v. U.S.*, 134 S. Ct. 1240 (2014);" 2) "object to an erroneous jury instruction in light of *Henderson v. U.S.*, 135 S. Ct. 1780 (2015);" and 3) "object to the District Court's failure to inform [Defendant] that any challenge to a prior conviction is waived if not made before sentencing." *See* Def.'s Mot. [Doc. No. 231] at 3, 4, 6 (ECF page numbering). Although not expressly stated, Defendant appears to claim Mr. Lacy was unaware of Supreme Court decisions affecting essential elements of the government's case, and overlooked the statutory requirements of the enhanced penalty statute, 21 U.S.C. § 851. Defendant primarily complains that the colloquy requirement of § 851(b) – in particular, the obligation to inform him that any challenge to a prior conviction must be made before sentencing – was not followed.

**Standard of Decision**

To establish ineffective assistance of counsel, Defendant must demonstrate both that counsel's performance was deficient and that the deficiency prejudiced the defense. *See Smith v. Duckworth*, 824 F.3d 1233, 1249 (10th Cir. 2016). "An insufficient showing on either element is fatal to an ineffective-assistance claim, rendering consideration of the other element unnecessary." *Id.* In assessing the performance prong of an ineffective

---

[4] The Tenth Circuit continued Mr. Lacy's appointment for the direct appeal.

assistance claim, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland v. Washington*, 466 U.S. 668, 689 (1984). To prove deficient performance, a defendant must demonstrate that his counsel's performance "fell below an objective standard of reasonableness" (*id*. at 688), that is, it was "'completely unreasonable, not merely wrong.'" *Byrd v. Workman*, 645 F.3d 1159, 1167 (10th Cir. 2011) (quoting *Hooks v. Workman*, 606 F.3d 715, 723 (10th Cir. 2010)). To prove prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

**Discussion**

**1) "Aiding and Abetting" Jury Instruction**

Defendant first claims Mr. Lacy overlooked a legal development that required modification of the jury instruction for "aiding and abetting" based on the Supreme Court's decision in *Rosemond v. United States*, 572 U.S. 65 (2014). Defendant acknowledges that the parties requested, and this Court used at trial, the Tenth Circuit's pattern instruction for criminal liability as an aider and abettor under 18 U.S.C. § 2. *Compare* Def.'s Opening Br. at 6-7 (quoting Instr. No. 23) *with* Tenth Cir. Crim. Pattern Jury Instr. § 2.06 (2011 ed. updated Feb. 2018) (available at https://www.ca10.uscourts.gov/sites/default/files/clerk/Jury%20Instructions%20Update%202018.pdf). Defendant asserts, however, that the pattern instruction was an inaccurate statement of the law after *Rosemond*, and that Mr. Lacy erred by not requesting a modified instruction that incorporated its holding.

4

Upon consideration of this claim, the Court finds that Defendant fails to allege facts that would establish either an error by counsel or resulting prejudice. Defendant's view of *Rosemond* is unsupported by any legal authority that might extend its holding to his case. In *Rosemond*, 572 U.S. at 67, the Supreme Court held that aiding and abetting a firearm offense under 18 U.S.C. § 924(c) – using or carrying a firearm "during and in relation to any crime of violence or drug trafficking crime" – requires proof of an additional element, that is, advance knowledge that a firearm would be used or carried during the commission of the predicate offense. Defendant was not charged with aiding and abetting a violation of § 924(c).

The additional element of advance knowledge announced in *Rosemond* has been extended by some federal appellate courts, primarily to other "double-barreled" or "combination" crimes.[5] *See United States v. Baker*, 912 F.3d 297, 314 (5th Cir. 2019) (discussing split of authority), *amended and superseded on reh'g*, 923 F.3d 390 (5th Cir. 2019). The Tenth Circuit has taken a more limited view. *See United States v. Davis*, 750 F.3d 1186, 1193 (10th Cir. 2014) ("After *Rosemond*, a jury instruction on aiding and abetting § 924(c) should address the defendant's advance knowledge of the gun."); *see also United States v. Arciniega-Zetin*, 755 F. App'x 835, 845 n.8 (10th Cir. 2019) ("Neither the Supreme Court nor this circuit court has extended *Rosemond* beyond the combination crime of 18 U.S.C. § 924(c)."). Under current Tenth Circuit law, *Rosemond* does not

---

[5] The Supreme Court used these terms to describe the unique nature of a § 924(c) offense. *See Rosemond*, 572 U.S. at 71, 75. The statute "punishes the temporal and relational conjunction of two separate acts, on the ground that together they pose an extreme risk of harm." *Id*. at 75.

5

apply to Defendant's charged offenses of aiding and abetting a violation of 21 U.S.C. § 841(a)(1). *See* Tenth Cir. Crim. Pattern Jury Instr. § 2.06 cmt. (2011 ed. updated Feb. 2018) (available at https://www.ca10.uscourts.gov/sites/default/files/clerk/Jury%20Instructions%20Update%202018.pdf, p. 79) ("When the government has charged a defendant with aiding and abetting a violation of 18 U.S.C. § 924(c), a third element should be added . . .").[6]

In any event, Defendant was not prejudiced by Mr. Lacy's failure to object to the aiding-and-abetting jury instruction or to raise a *Rosemond* issue on appeal. On direct appeal, Mr. Lacy challenged the sufficiency of the evidence to support Defendant's convictions under Counts 2 and 3 of distributing PCP and possessing with intent to distribute PCP. The court of appeals found sufficient evidence to establish these offenses under either an aiding and abetting theory or an alternative theory of co-conspirator liability under *Pinkerton v. United States*, 328 U.S. 640 (1946). *See Gabourel*, 692 F. App'x at 543-44 (Count 2) and 545 (Count 3); *see also United States v. Bowen*, 527 F.3d 1065, 1077 (10th Cir. 2008) ("Aiding and abetting and *Pinkerton* co-conspirator liability are alternative theories by which the Government may prove joint criminal liability for a substantive offense.") (internal quotation omitted).

---

[6] The Court recognizes that the Tenth Circuit's pattern instructions are prepared by a committee, and authorized for distribution to district judges by the Judicial Council of the Tenth Circuit "for their aid and assistance;" the content of the instructions does not necessarily have "adjudicative approval." *See United States v. Cortes-Gomez*, No. 18-3052, 2019 WL 2439734, *5 n.5 (to be published) (quoting Judicial Council of the Tenth Circuit Resolution dated Sept. 1, 2005). In the absence of decisional law, however, the Court views the committee's application note as stating a current view of Tenth Circuit law.

Under these circumstances, Defendant "can't show his attorney's failure to challenge his conviction under *Rosemond* – which concerns only aiding and abetting – prejudiced him." *See United States v. Hill*, 743 F. App'x 241, 244 (10th Cir. 2018); *accord United States v. Baker*, 923 F.3d 390, 406 (5th Cir. 2019) (declining to reach *Rosemond* issue where jury could have found *Pinkerton* liability). Therefore, the Court finds that Defendant's ineffective assistance claim based on *Rosemond* fails for both lack of deficient performance and lack of prejudice.

### 2) "Constructive Possession" Jury Instruction

Defendant also claims Mr. Lacy should have advocated for modification of the pattern jury instruction for "constructive possession" based on the Supreme Court's decision in *Henderson v. United States*, 135 S. Ct. 1780 (2015). In fact, the Tenth Circuit held in *Little v. United States*, 829 F.3d 1177 (10th Cir. 2016), that *Henderson* "change[d] the law of constructive possession in our circuit" to require proof of a defendant's intent to exercise control over an object; this abrogated prior precedent holding it was unnecessary to establish such intent. *Id.* at 1181-82 (*abrogating United States v. Colonna*, 360 F.3d 1169 (10th Cir. 2004) and other cases). However, *Little* was issued after the trial of this case; it was not overlooked by Mr. Lacy. The jury instruction given in Defendant's case defined constructive possession according to Tenth Circuit law in effect at the time of trial.

Further, the court of appeals applies a harmless error rule to instructional errors. "[E]ven when the district court fails to include an element of the crime in the instruction (including a mens rea element), we still apply the harmless error rule, asking whether it appears beyond a reasonable doubt that the error complained of did not contribute to the

7

verdict obtained." *Little*, 829 F.3d at 1183 (internal quotation omitted). The Tenth Circuit found in *Little*, for example, that "the district court's error was harmless because a reasonable jury would be compelled to conclude that Little intended to exercise control over the weapons" he was charged with possessing. Similarly here, if Mr. Lacy had objected to the jury instruction for constructive possession based on *Henderson*, or had challenged the instruction on appeal, a finding of harmless error was inevitable.

Constructive possession was an issue only with respect to Count 3 of the Indictment, which charged all defendants with possessing the quantity of PCP found in the apartment or the "stash house" used during the drug trafficking conspiracy. *See Gabourel*, 692 F. App'x at 532 n.2 (referring "to this apartment as a 'stash house' because it had no electricity and there were no furnishings of any kind, but it contained a large quantity of PCP") (internal quotation omitted).[7] The Tenth Circuit applied the definition of constructive possession announced in *Henderson*, and expressly found it was satisfied under the facts shown by the evidence:

> Mr. Grant knew there was a large amount of PCP at the stash house and admitted to smoking PCP from this batch. And he was caught with a bottle of PCP identical to those sold to the informant. The jury could reasonably infer that Mr. Grant had the power and intent to exercise control over the PCP in the stash house.

*Gabourel*, 692 F. App'x at 545. The court of appeals also found that, regardless whether Defendant committed the substantive crime, his conviction under Count 3 could stand on

---

[7] Regarding the drug distribution offense charged in Count 2, "the government concede[d] that Mr. Grant did not personally distribute the PCP to the undercover officer," but asserted that "he [was] liable nonetheless under a theory of coconspirator liability, or alternatively for aiding and abetting." *Gaborel*, 692 F. App'x at 543.

the government's other theories of liability. The evidence was such that "[t]he jury could reasonably conclude Mr. Grant was liable for possession with intent to distribute under a theory of coconspirator liability" or that he "was guilty of aiding and abetting." *Id*.

For these reasons, the Court finds that Defendant has not demonstrated either that his counsel's lack of objection to the constructive possession instruction was completely unreasonable or that there is reasonable probability it affected the outcome of the trial.

### 3) **Waiver of Right to Challenge a Prior Conviction**

Regarding his sentence, Defendant claims that Mr. Lacy paid no attention to the requirements of the enhanced penalty statute, 21 U.S.C. § 851. The statute establishes procedures that allow a defendant to deny the government's allegations regarding prior convictions or to claim an alleged conviction is invalid, and that require the district court to determine any issues raised by the defendant "which would except [him] from increased punishment." *See id*. § 851(c)(1). Defendant alleges that the Court did not comply with the requirement of § 851(b) to inform him of the need to make a timely challenge to his prior drug convictions and that Mr. Lacy erred by failing to object to the omission or, presumably, to challenge "his prior convictions [as] not qualifying as a felony drug offense." *See* Reply Br. [Doc. No. 248] at 24.

Fatal to this ineffective assistance claim, however, Defendant makes no effective argument that Mr. Lacy's omission prejudiced him. A "felony drug offense" as defined by the Controlled Substances Act, 21 U.S.C. § 801 *et seq*., "means an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State . . . that prohibits or restricts conduct relating to narcotic drugs, marihuana,

9

anabolic steroids, or depressant or stimulant substances." *See* 21 U.S.C. § 802(44). Defendant had previous drug trafficking convictions in Oklahoma (2013) and Nevada (2014) that were the subject of the government's pretrial information under § 851(a) and Defendant's trial testimony.[8] Mr. Lacy raised evidentiary objections to the admission of this evidence at trial, and unsuccessfully challenged the Court's ruling on appeal. *See Gabourel*, 692 F. App'x at 548. At no time, including now, has Defendant denied the fact of these convictions or questioned their validity. *See United States v. Cornelius*, 696 F.3d 1307, 1330 (10th Cir. 2012) ("All that was necessary for the purpose of sentence enhancement, in this context, was that [defendant's] prior conviction was a valid one . . . in the sense that it was lawfully entered and has not been overturned.").[9] The lifetime prison sentence mandated by § 841(b)(1)(A) at the time of Defendant's offense, conviction, and sentence simply requires two previous convictions of a felony drug offense that have become final. *See*, *e.g.*, *United States v. Suarez*, 682 F.3d 1214, 1220-22 (9th Cir. 2012) (discussing finality for purposes of § 841(b)(1)(A)). Defendant raises no issue regarding his two prior drug trafficking convictions that would except him from increased punishment.

---

[8] As noted by the government, Defendant admitted under oath at trial that he was convicted of the Oklahoma and Nevada drug trafficking charges.

[9] In the opening brief in support of his § 2255 Motion, Defendant presents a lengthy argument regarding the means of proving a predicate "violent felony" under the Armed Career Criminal Act, 18 U.S.C. § 924(e). *See* Def.'s Mem. Supp. Mot. [Doc. No. 234] at 23-28 (ECF page numbering) (discussing *Taylor v. United States*, 495 U.S. 575 (1990), *Shepard v. United States*, 544 U.S. 13 (2005), *Descamps v. United States*, 570 U.S. 254 (2013), and *Mathis v. United States*, 136 S. Ct. 2243 (2016)). These arguments have no apparent application to the predicate drug offenses at issue in this case.

Accordingly, the Court finds that Defendant has not carried his burden to demonstrate a reasonable probability that Mr. Lacy's alleged error affected the outcome of Defendant's sentencing proceeding. Therefore, Defendant cannot prevail on his ineffective assistance claim regarding his enhanced sentence.

**Conclusion**

For these reasons, the Court finds that Defendant is not entitled to relief based on any of his claims of ineffective assistance of trial and appellate counsel.

IT IS THEREFORE ORDERED that Defendant Wesley Tavion Grant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence [Doc. No. 231] is DENIED. A separate judgment shall be entered.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a movant. A COA may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. §2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon consideration, the Court finds this standard is not met in this case. Therefore, a COA is denied, and the denial shall be included in the judgment.

IT IS SO ORDERED this 13th day of June, 2019.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE